# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 0912010604 |
| | ) | |
| CORNELL HESTER, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: June 30, 2020
Date Decided: October 14, 2020

## ORDER

Upon consideration of Defendant's Motion for Postconviction Relief ("Motion"),[1] Superior Court Criminal Rule 61, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.    In June 2010, a jury found the Defendant guilty of Burglary Second Degree, Unlawful Imprisonment Second Degree, Harassment, Malicious Interference with Emergency Communications, Offensive Touching, and two counts of Criminal Mischief.[2]

2.    On September 10, 2010, the Defendant was sentenced as follows: for Burglary Second Degree, 12 years at Level V; for Unlawful Imprisonment Second Degree, 1 year at Level V, suspended for 2 years at Level IV, suspended after 1 year for 1 year at Level III; for Harassment, 1 year at Level V, suspended for 2 years at

---

[1] D.I. 189.
[2] D.I. 15.

Level III; for Malicious Interference with Emergency Communications, 6 months at Level V, suspended for 1 year at Level III; for Offensive Touching, 30 days at Level V, suspended for 1 year at Level III; and for each count of Criminal Mischief, 30 days at Level V, suspended for 1 year at Level III.[3]

3. Defendant filed a direct appeal to the Delaware Supreme Court. On August 23, 2011, the Delaware Supreme Court affirmed the judgment of the Superior Court. [4]

4. Following his sentencing, Defendant filed numerous motions and letters with the Court, including but not limited to the following: Rule 61 motions for Postconviction relief on October 25, 2010[5], September 19, 2011[6], February 15, 2018[7], and the instant motion, on June 30, 2020[8]; nine motions for correction/modification of sentence[9]; multiple motions for appointment of counsel in connection with Defendant's Rule 35 and Rule 61 motions[10]; two motions for recusal[11]; and two petitions for a writ of habeus corpus[12].

---

[3] D.I. 27.
[4] *Hester v. State*, 27 A.3d 551, 2011 WL 3717051 (Del. Aug. 23, 2011).
[5] D.I. 33.
[6] D.I. 63.
[7] D.I. 144.
[8] D.I. 189.
[9] D.I. 32, 36, 86, 89, 95, 109, 118, 127, and 166.
[10] D.I. 75, 126 145.
[11] D.I. 84 and 103.
[12] D.I. 18 and 120

5. Most, if not all, of Defendant's many motions rehash the same claims. In the postconviction relief motion filed prior to the instant motion, Defendant claimed ineffective assistance of counsel, denial of constitutional rights, and improper actions by the trial judge and prosecution, all of which he has claimed in previous motions.[13] That motion was denied by the Court on April 19, 2018.[14]

6. In the instant motion, Defendant similarly alleges ten claims for postconviction relief: eight claims of ineffective assistance of counsel, one claim of insufficient evidence, and one claim of conflict of interest.[15] The claims in the instant motion repeat the same claims made in his previous postconviction relief motions. In addition, Defendant has once again filed a letter with a request to appoint counsel, claiming that he is entitled to counsel because the Court committed a constitutional violation in denying him counsel in connection with his First Rule 61 Motion.[16]

7. The current version of Superior Court Criminal Rule 61(d)(2) requires the Court to summarily dismiss a second or subsequent motion for Postconviction relief unless the movant was convicted after a trial and the pleadings allege new

---

[13] D.I. 144.
[14] D.I. 150.
[15] D.I. 189.
[16] D.I. 190.

evidence of actual innocence[17] or a retroactive new rule of constitutional law that applies to the movant's case and renders the conviction invalid.[18]

8. Pursuant to Rule 61(e)(5), the Court may appoint counsel for a movant's second or subsequent Rule 61 motion only if it is determined that the motion satisfies the pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii).[19]

9. In the instant Motion, Defendant does not argue that a retroactive new rule of constitutional law applies, nor does he argue the existence of new exculpatory evidence. Defendant's allegations that new evidence exists and that his constitutional rights have been violated are unsubstantiated. These allegations repeat his previous arguments which have been denied by this Court in the past. Defendant does not offer any new information or arguments for this Court to consider. Therefore, Defendant's Rule 61 Motion must be summarily dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED** and his Motion for Appointment of Counsel is **DENIED AS MOOT.**

Jan R. Jurden, President Judge

---

[17] Super. Ct. Crim. R. 61(d)(2)(i).
[18] Super. Ct. Crim. R. 61(d)(2)(ii).
[19] Super. Ct. Crim. R. 61(e)(5).

Original to Prothonotary

cc: Cornell L. Hester (SBI# 591963)